**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **HAROLD B. WILSON, and GRACY SEDLAK,**          )<br>                                                              )<br>          **Plaintiffs,**                            )<br>                                                              )<br>          **v.**                                            )<br>                                                              )<br>**JOSEPH FLETCHER, and ORA THOMAS FLETCHER,**   )<br>                                                              )<br>          **Defendants.**                        ) | **CASE NO. 4:12CV3061**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on its own motion. As set forth below, the court questions whether it has subject-matter jurisdiction over this matter, and Plaintiffs Harold B. Wilson ("Wilson") and Gracy Sedlak ("Sedlak") will be required to show by a preponderance of the evidence that the amount in controversy they allege is legitimate.

The court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Here, Plaintiffs allege subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), (citing § 1332(a)). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000), (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546

(2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Wilson and Sedlak filed their Complaint on March 30, 2012. (Filing No. 1.) They allege that the citizenship of each plaintiff is different from the citizenship of each defendant. (*Id.* at CM/ECF p. 1.) In addition, they allege Defendants owe them $256,320.00.[1] (*Id.*) However, the only statement they make as to what this amount is based on is as follows:

> Defendant #2 owes both Plaitiffs [sic] $25,000 which Defendant #1 gave to defendant #2 which was received from Plaintiff #1 on a date immediately following 9-2-2011 which was to be paid to Plaintiff #1's legal representative for the purpose of filing Plaintiffs's [sic] post conviction appeal.

(*Id.*) Other than the $25,000 mentioned in this passage, Plaintiffs do not assert what the $256,320.00 is based on. In light of this, the court has serious doubts regarding whether the alleged amount in controversy is legitimate. In accordance with *Trimble*, the court will require Plaintiffs to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject matter jurisdiction. *See Trimble*, 232 F.3d at 959-960. This matter will not proceed until Plaintiffs do so.

IT IS THEREFORE ORDERED that:

1. Plaintiffs shall have until July 25, 2012, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount;

---

[1] Wilson and Sedlak named "Joseph Pletcher" as Defendant in this matter. (Filing No. 1.) Thereafter, Wilson informed the court that Defendant's name is actually Joseph Fletcher. (Filing No. 7.) The court will direct the Clerk of the court to update the court's records to reflect the actual name of this party.


2. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 25, 2012: deadline for Plaintiff to show jurisdictional amount by preponderance of evidence;

3. Plaintiffs' "Motion to correct spelling" (Filing No. 7) is granted. The court directs the Clerk of the court to update the court's records to reflect that Defendant's name is Joseph Fletcher, not Joseph Pletcher; and

4. Plaintiffs' Motion to Appoint Counsel (Filing No. 10) is denied without prejudice to reassertion.  See *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel.)

DATED this 14th day of June, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.