## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, and<br>GRACY SEDLAK, | )<br>) | CASE NO.  4:12CV3061 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JOSEPH FLETCHER, and<br>ORA THOMAS FLETCHER, | )<br>) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' "Motion to Compel Answer and Sanctions," "Motion for Proof of Service and Motion for Hearing," "Motion for Default Judgment," and "Motion for Court Order to Serve Pleadings." (Filing Nos. 28, 30, 31, and 32.) In these Motions, Plaintiffs ask the court to direct the United States Marshals Service ("marshals service") to personally serve Defendant Joseph Fletcher with summons, and also order Defendants to respond to Plaintiffs' discovery requests.

### A.    Service on Joseph Fletcher

The record reflects the marshals service attempted to effect service on Joseph Fletcher by certified mail at the address provided by Plaintiffs. (Filing No. 29.) The certified mail was returned "unclaimed" on October 22, 2012. (*Id.* at CM/ECF p. 1.) The court cannot determine from the record why service on Joseph Fletcher was ineffective. However, the court notes that the address provided on the summons form is "816 G Ave.," while the address provided on the USM-285 form is "815 G Ave." (Compare Filing No. 22 at CM/ECF p. 1 to Filing No. 29 at CM/ECF p. 1.)

Federal Rule of Civil Procedure 4 requires that service of process be completed "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Here, the marshals

service's attempt to serve Joseph Fletcher, as directed by Plaintiffs, was ineffective. Without effective service of summons, this case cannot proceed against Joseph Fletcher.

On the court's own motion, Plaintiffs will be given an additional 45 days to properly serve Joseph Fletcher. Liberally construed, Plaintiffs have also asked the court to order the marshals service to determine Joseph Fletcher's whereabouts in order to personally serve him with a summons. However, such an order is unwarranted. It is Plaintiffs' duty to determine Joseph Fletcher's whereabouts, not the duty of the marshals service or the clerk's office. *See Gray v. Rose*, 2009 WL 2132623 at *3 (S.D. Ohio 2009), ("The fact that this defendant could not be effectively served with process at that address is chargeable to plaintiff, not to either the Clerk or the Marshal."); *see also Gustaff v. MT Ultimate Healthcare*, 2007 WL 2028103 at *3 (E.D.N.Y. 2007), ("The United States Marshals Service cannot investigate defendant's whereabouts, nor can the court. That is Plaintiff's responsibility.")

### B. Discovery Requests

In Plaintiffs' Motions, Plaintiffs seek an order directing Defendants to respond to their discovery requests, and also an order sanctioning Defendants for their failure to respond to Plaintiffs' discovery requests. (*See generally* Filing Nos. 28, 30, and 31.) Shortly after Plaintiffs filed this action, the clerk's office delivered to Plaintiffs a copy of the court's General Order Number 2007-12. (*See* Docket Sheet; Filing No. 3.) This order states, "[n]o discovery in pro se civil cases assigned to a district judge shall take place until . . . a progression order is entered unless permitted by the court. Requests to engage

2

in discovery prior to the issuance of such an order must be made by motion." (Filing No.

3 at CM/ECF p. 1.)

Here, the court has not entered a progression order. Therefore, sanctions against

Defendants for failure to respond to Plaintiffs' discovery requests are not warranted. In

addition, to the extent Plaintiffs seek to engage in discovery prior to the issuance of a

progression order, their request is denied.

IT IS THEREFORE ORDERED that:

1.   Plaintiffs' "Motion for Court Order to Serve Pleadings" (Filing No. 32) is
     granted to the extent that it is consistent with this Memorandum and Order.
     As such, Plaintiffs will be given an additional 45 days in which to serve
     Joseph Fletcher with summons;

2.   The clerk's office shall send ONE summons form and ONE USM-285 form
     to each Plaintiff, together with a copy of this Memorandum and Order.
     Plaintiffs must, as soon as possible, complete and return one set of the
     forms to the clerk's office. In the absence of the forms, service of process
     cannot occur;

3.   Upon receipt of the completed forms, the clerk's office will sign the summons
     form, to be forwarded with a copy of the Complaint to the marshals service
     for service of process. The marshals service shall serve the summons and
     Complaint without payment of costs or fees pursuant to Federal Rule of Civil
     Procedure 4(c)(3). Service may be by certified mail pursuant to Federal Rule
     of Civil Procedure 4 and Nebraska law in the discretion of the marshals
     service. The clerk's office will copy the Complaint, and Plaintiff does not
     need to do so;

4.   Plaintiff is hereby notified that failure to obtain service of process on Joseph
     Fletcher within 45 days from the date of this Memorandum and Order will
     result in dismissal of this matter without further notice as to Joseph Fletcher.
     Joseph Fletcher has 21 days after receipt of the summons to answer or
     otherwise respond to the Complaint;

5.   The clerk's office is directed to set a pro se case management deadline in
     this case with the following text: March 9, 2013: Check for completion of
     service of summons; and

6.    Plaintiffs' "Motion to Compel Answer and Sanctions," "Motion for Proof of Service and Motion for Hearing," and "Motion for Default Judgment" are denied. (Filing Nos. 28, 30, and 31.)

DATED this 23rd day of January, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4