IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON and<br>GRACY SEDLAK, | )<br>)<br>) | 4:12CV3061 |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | MEMORANDUM<br>AND ORDER |
| JOSEPH FLETCHER and<br>ORA THOMAS FLETCHER, | )<br>) | |
| Defendants. | | |

This matter is before the court on Plaintiffs' Motion for Default Judgment (Filing No. 46) and Motion for Sanctions (Filing No. 47). For the reasons discussed below, the court will deny Plaintiffs' Motion for Sanctions, and grant Plaintiffs' Motion for Default Judgment in part.

In their Motion for Default Judgment, Plaintiffs argue that Defendants Ora Thomas Fletcher and Joseph Fletcher violated this court's order of April 30, 2013, by failing to certify that their Answers were served on Plaintiff Gracy Sedlak. (Filing No. 46 at CM/ECF pp. 1-2; *see also* Filing No. 42.) They add that "Defendant Ora [Thomas] Fletcher has not ever served a copy of his 'Answer' on Plaintiff Sedlak as required by Rule 5 of the FRCP." (*Id*. at CM/ECF p. 1.) Plaintiffs also argue that Defendant Joseph Fletcher's Answer "does not state an allowable [d]efense under Rule 8(c)(1)" of the Federal Rules of Civil Procedure, "states a frivolous defense to this action," and lacks a signature and other information required under Federal Rule of Civil Procedure 11. (Filing No. 46 at CM/ECF pp. 1-2.) In addition, Plaintiffs ask the court to issue an order to the Department of Corrections stating that Plaintiff Wilson must be allowed "to serve pleadings and other motions upon the Defendants by mailing same . . . from the Lincoln Correctional Center." (*Id*. at CM/ECF p.

2.) In support of this request, Plaintiffs state, "Plaintiff Wilson has received Misconduct Reports and sanctions for attempting to serve the Defendants with court pleadings in the past as the Defendants have attempted to evade service by requesting the DCS not allow Plaintiff Wilson to correspond with them." (*Id*.)

Plaintiffs' Motion for Sanctions covers much of the same ground. (*See generally* Filing No. 47.) Specifically, Plaintiffs argue that Defendants must be sanctioned for (1) failing to serve answers and other pleadings on both Plaintiffs, (2) failing "to certify that both Plaintiffs were so served," (3) refusing to waive service of the original complaint, (4) presenting improper defenses, (5) attempting to avoid service by requesting that the DCS prevent Plaintiff Wilson from mailing pleadings and motions to them, and (6) presenting defenses that have no basis in fact. (*Id.*) Plaintiffs also argue that Defendant Joseph Fletcher must be sanctioned for failing to sign his "latest answer." (*Id.*)

Three matters raised by Plaintiffs' Motions may be disposed of readily. First, insofar as Plaintiffs' Motions are based on an argument that Plaintiff Sedlak has not been served with "Answers and Pleadings" (Filing No. 47), the Motions must be denied. Since filing this lawsuit, Plaintiffs have listed at least four different mailing addresses for Plaintiff Gracy Sedlak in their pleadings,[1] but have only filed two notices of change of address with the court. Defendants each responded to the court's order of April 30, 2013, by stating that they mailed copies of their Answers to Plaintiff Gracy Sedlak (*see* Filing Nos. 43-44). Plaintiffs' suggestion that unspecified "Pleadings" were not served on Plaintiff Gracy Sedlak is simply too vague and unsubstantiated to warrant either sanctions or the entry of a default

---

[1] *See* Filing Number 21 (address listed as 712 South 27th Street #6, Lincoln, NE 68510), Filing Number 35 (address listed as 1964 Euclid St., Lincoln, NE 68503), Filing Number 41 (address listed as 1964 Euclid Ave., Lincoln, NE 68502), and Filing Number 45 (address listed as 1035 Hartley, Lincoln, Nebraska 68521).

judgment, especially in light of Plaintiff Gracy Sedlak's failure to properly and consistently update her address with the court.

Second, the court notes that the Department of Corrections is not a party to this action, and Plaintiffs have cited no authority suggesting that this court can order a nonparty to provide the relief that they seek. Plaintiffs' request for an order directing the Department of Corrections to allow Plaintiff Wilson to mail "pleadings and other motions" to Defendants will therefore be denied. *Defendants are cautioned, however, that they may be subject to sanctions if they take action to frustrate Plaintiffs' ability to mail legal papers.*

Third, Plaintiffs have not shown that they complied with the procedural requirements of Rule 11 before filing their Motion for Sanctions. *See* Fed. R. Civ. P. 11(c)(2) (requiring that a motion for sanctions be served pursuant to federal service requirements, but not filed with or presented to the court unless the challenged "paper, claim, defense, contention, or denial" is not "withdrawn or appropriately corrected" within 21 days after service). As a result, the Motion for Sanctions must be denied in its entirety. *See e.g.*, *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (holding that it was an abuse of discretion for the district court to impose sanctions when the moving party failed to comply with the "safe harbor" provision of Rule 11).

One issue remains to be addressed. As noted above, Plaintiffs argue that a default judgment must be entered against Defendant Joseph Fletcher because his Answer "does not state an allowable [d]efense under Rule 8(c)(1)" of the Federal Rules of Civil Procedure, "states a frivolous defense to this action," and fails to satisfy the requirements of Federal Rule of Civil Procedure 11(a). (Filing No. 46 at CM/ECF pp. 1-2.) Defendant Joseph

3

Fletcher is not represented by counsel, and it is this court's practice to construe pro se pleadings liberally. Indeed, pleadings generally "must be construed so as to do justice," Fed. R. Civ. P. 8(e), and "[n]o technical form [of pleading] is required," Fed. R. Civ. P. 8(d)(1). Nevertheless, the court agrees with Plaintiffs that Joseph Fletcher's Answer does not satisfy the basic requirements of Rule 8.[2]

When responding to a pleading, a party must "state in short and plain terms [his] defenses to each claim asserted against [him]," and he must "admit or deny the allegations asserted against [him] by the opposing party." Fed. R. Civ. P. 8(b)(1)(A)-(B). Although "[a] party [who] intends in good faith to deny all the allegations of a pleading–including the jurisdictional grounds–may do so by a general denial," otherwise he "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Rule 8(b) also states that "[a] party [who] intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest," and "[a] party [who] lacks sufficient knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(4)-(5). "A denial must fairly respond to the substance of the allegation," Fed. R. Civ. P. 8(b)(2), and allegations that are not denied are generally deemed to be admitted, Fed. R. Civ. P. 8(b)(6). Furthermore, "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

---

[2] The court is not persuaded that a default judgment should be entered on the ground that Defendant Joseph Wilson's Answer fails to satisfy Rule 11(a). (See Filing No. 46 at CM/ECF p. 2.) Rule 11(a) requires a party to sign his papers and state his "address, e-mail address, and telephone number." Joseph Fletcher's Answer is signed, and it states his address and telephone number. (See Filing No. 39.) Although the Answer does not state an e-mail address, this deficiency may be overlooked in this particular case. The court notes in passing that none of Plaintiffs' own filings state an e-mail address.

Defendant Joseph Fletcher's Answer states, in its entirety, as follows:

To whom it may concern

I was NOT under any legal obligation to do anything with the money that was sent to me in my name. I did as Harold Wilson suggusted [sic] with most of the money and I have receipts and paperwork to show for that. But I was still NOT under any legal obligation to do even that. If you need any more information such as receipts and paperwork I would be more then [sic] happy [to] provide that information. You may call me at [redacted] or write to me at [redacted]. Thank you for your time HAVE NICE DAY!!!

                                                    Sincerely yours
                                                    Joe Fletcher

(Filing No. 39. *See also* Filing No. 38.)

This Answer cannot be said to constitute a general denial. Indeed, Joseph Fletcher appears to admit that a sum of money was sent to him, and he also seems to admit that he did not do as he was instructed with some part of this money. Because Joseph Fletcher has not made a general denial, Rule 8(b)(3) requires that he "either specifically deny designated allegations or generally deny all except those specifically admitted." For the most part, however, the court cannot determine which of Plaintiffs' allegations are denied and which are admitted. By way of example, Plaintiffs allege that Joseph Fletcher wrongfully transferred to Ora Thomas Fletcher a sum of money that belonged to Plaintiff Wilson, but it is not clear whether Joseph Fletcher admits or denies this claim. The court also notes that Joseph Fletcher's repeated assertions that he was not under a "legal obligation" to take certain actions hint at the viability of an affirmative defense, but no such defense is "affirmatively state[d]" in the Answer. See Fed. R. Civ. P. 8(c).

Although Defendant Joseph Fletcher's Answer does not satisfy the basic requirements of Rule 8, a default judgment is a drastic remedy–particularly when the defending party is proceeding pro se. S.E.C. v. Amerifirst Funding, Inc., No. 3:07-CV-1188-D, 2007 WL 4226921 (N.D. Tex. 2007). *See also* Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) ("Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" (citation omitted)). The court is not persuaded that a default judgment should be entered at this time. However, Defendant Joseph Fletcher's Answer (Filing No. 39) will be stricken from the record,[3] and Joseph Fletcher must file an answer that conforms to Federal Rule of Civil Procedure 8 within 21 days from the date of this order. Failure to comply with this order may result in the entry of a default judgment.

IT IS ORDERED:

1. Plaintiffs' Motion for Sanctions (Filing No. 47) is denied.

2. Plaintiffs' Motion for Default Judgment (Filing No. 46) is granted in part.

3. The clerk's office is directed to strike from the record Defendant Joseph Fletcher's Answer (Filing No. 39) and its duplicate (Filing No. 38).

4. Within 21 days of the date of this order, Defendant Joseph Fletcher must file and serve an answer that conforms with the requirements of Federal Rule of Civil Procedure 8. ***Failure to do so may result in the entry of default judgment against him.***

---

[3]Filing Number 38 appears to be a duplicate of Filing Number 39. To avoid the potential for confusion, Filing Number 38 will also be stricken.

DATED this 25th day of July, 2013.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.