IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HAROLD B. WILSON, GRACY SEDLAK,

Plaintiffs,

vs.

JOSEPH FLETCHER, ORA THOMAS
FLETCHER,

Defendants.

**4:12CV3061**

**MEMORANDUM AND ORDER**

The court has reviewed the documentation from Joseph Fletcher, Gracy Sedlak, Harold Wilson, and Ora Thomas Fletcher produced in response to the Memorandum and Order dated September 25, 2013, (Filing No. 63).[1]  During that hearing, the court agreed to review the facts reflected in those documents.  The court's interpretation of those facts is outlined in the attached "Questions to Parties."  The court also agreed to recommend terms for final settlement of this case.  The court's proposed settlement terms are outlined in the attached "Settlement Agreement Questions," and the explanation provided below.

Although substantial documentation was provided to the court, the undersigned magistrate judge cannot track all the receipts and distributions of Harold Wilson's money by Joseph Fletcher.  And the remaining questions will likely never be answered no matter how much work the parties and court invest into the project.  Without substantial expenditures on expert witnesses, subpoenas, and depositions, the money trail cannot be fully understood and even then, questions will likely remain.  The court therefore recommends to the parties that they settle this case under the following terms:

> Joseph Fletcher and Ora T. Fletcher will jointly and severally owe to Harold Wilson the amount of $25,000 for funds given to Ora T. Fletcher without Harold Wilson's permission.  Jointly and Severally means either Joseph Fletcher and Ora T. Fletcher can pay it all back, or they can share that responsibility:  But either way, they both

---

[1] The original documents submitted to the court by Joseph Fletcher have been returned to him by mail.  The court has maintained a copy of the documents.

owe Harold Wilson for the $25,000 of Wilson's funds received and used by Ora T. Fletcher.

In addition to the $25,000 owed for funds given to Ora T. Fletcher without Wilson's permission, Joseph Fletcher would be required to pay:

- $26,000 to Gracy Sedlak, which represents the amount of Wilson's money that Joseph Fletcher was told to give to Gracy Sedlak, but which Joseph Fletcher kept for himself instead.

- $36,300 to Harold Wilson, which represents the total amount of Wilson's money received by Joseph Fletcher through checks from the MidWestOne Bank, ($44,516.00), plus one-half of the distributions for which there is no documentation indicating who received the money (1/2 of $13,988.67), plus the money that is simply missing with no documentation whatsoever, ($10,786.78), minus the $26,000 amount Joseph Fletcher owes to Gracy Sedlak.

Based on the court's review of the documents and the parties statements, it is likely some of the money documented as distributed by Joseph Fletcher, but to unknown persons, was given out with Wilson's permission. Some was not. There is no way to figure out which of these expenditures were authorized. So in the interest of resolving the case now rather than face the same unanswered questions at trial, the parties should split that amount ($13,988.67), with Joseph Fletcher owing half of it to Harold Wilson.

But as to the money which is simply missing, Joseph Fletcher should be required to pay all of that back. By way of explanation:

- Until Joseph Fletcher opened a separate account for Wilson's money at the MidWestOne Bank, he deposited Wilson's money in his own account.

- At the time the new account was set up in April 2011, there remained $34,456.75 of Wilson's money that Joseph Fletcher had received but has no record of distributing to anyone on Wilson's behalf.

- Joseph Fletcher transferred only $1800.00 of this money into the MidWestOne account when that account was opened.

- Joseph Fletcher later moved money into the MidWestOne Bank account on two occasions without receiving a new institutional distribution from Wilson; on April 25, 2011 in the amount of $10,500, and on June 9, 2011 in the amount of $10,400. Presumably these amounts were from Wilson's money which remained in Joseph Fletcher's account even after the MidWestOne Bank account was opened.

- So of the $34,456.75 that remained in Joseph Fletcher's account when the MidWestOne Bank account was opened, it appears more than $11,000 was never transferred out of that account to the MidWestOne Bank account, and there is no record of what happened to it. This amount likely includes the $10,786.78 of Wilson's money that is missing. It appears Joseph Fletcher kept it and as such, he should be ordered to pay it back.

If the parties do not settle the case under the terms suggested, the court will need to decide which facts are disputed and, if any, set this case for trial. The parties will be required to respond to statements outlined in the attached Questions to Parties" so it can determine how to best proceed if this case is not fully settled.

Accordingly,

IT IS ORDERED:

1)      The parties shall respond to each statement posed in the attached "Questions to Parties," and on or before January 20, 2014, they shall mail their completed and signed responses to the court. As to the Questions to Parties:

a.      If the statement is admitted, the party must circle "Admit."

b.      If the statement is denied, the party must circle "Deny," and explain why the statement is denied.

c.      The parties are warned that if they deny a statement without providing a reason, the court may ignore the denial and consider the statement admitted.

d.      The parties are further warned that they must make reasonable efforts to find the information, including within the documentation provided to the court, before denying a statement for lack of information. If a statement is denied for lack of information, the party denying the statement must explain what efforts

were made to find the answer before denying the statement. If the court considers those efforts insufficient, the court may consider the statement admitted.

e.     The parties' answers must be signed. The parties are advised that by signing the document and returning it to the court for filing, they are providing statements to the court under oath.

f.     The failure to answer any question within the "Questions to Parties" will be deemed an admission as to that question.

g.     The failure to sign the "Questions to Parties," or to timely return the answers to the court, will be deemed an admission as to every statement in the document.

h.     The "Questions to Parties" must be completed and signed, or they will be deemed admitted as to all questions, even if the answering party agrees to settle the case under the terms proposed by the court.

i.     The  completed and signed "Questions to Parties," shall be returned to the undersigned magistrate judge's chambers by mailing it to:

> Cheryl R. Zwart
> Magistrate Judge
> United States District Court-Nebraska
> 100 Centennial Mall N. #566
> Lincoln, NE  68508

2.     The parties shall answer and sign the "Settlement Agreement Questions" attached hereto, and on or before January 20, 2014, they shall mail their completed and signed response to the court. As to Settlement Agreement Questions:

a.     By completing the document to indicate they agree to the settlement terms, signing the document, and returning it to the court, the signing party agrees to be bound by the settlement terms, the case will be settled if the opposing parties also agree to those terms, and a judgment will be entered accordingly.

b.     If the signing party does not agree to the settlement terms, or the opposing parties do not agree to the terms, the case is not settled and the court will resolve all or part of the case on the parties' responses to the "Questions to Parties," or it will set the case for trial.

c.     Irrespective of whether the party agrees or disagrees with the court's proposed settlement terms, the party must timely answer, sign, and return the Settlement

Agreement Questions to the court.  The failure to do so will result in an order imposing monetary sanctions on the non-complying party.

d.      The completed and signed "Settlement Agreement Questions," shall be returned to the undersigned magistrate judge's chambers by mailing it to:

> Cheryl R. Zwart
> Magistrate Judge
> United States District Court-Nebraska
> 100 Centennial Mall N. #566
> Lincoln, NE  68508

3.      All documents provided to the court by the defendants were delivered to Gracy Sedlak.  Sedlak is not only a named plaintiff, but has the authority to act as plaintiff Harold Wilson's power of attorney.  Accordingly, Harold Wilson's motion for production, (Filing No. 65), is denied as moot.

4.      In light of the "Questions to Parties" served by the court on all parties, plaintiff Harold Wilson's motions to compel and his requests for admissions, (Filing Nos. 62 and 69), are denied as moot.

5.      Harold Wilson's motions for partial summary judgment and for injunctive relief, (Filing Nos. 64, 68, and 70), are denied without prejudice to re-filing, if necessary, after the court and all parties receive responses to the "Questions to Parties," and the "Settlement Agreement Questions."

December 20, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4:12-cv-03061:  <u>Wilson et al v. Fletcher et al</u>

## Questions to Parties

1)    Plaintiff Harold B. Wilson is an inmate at the Lincoln Correctional Center.  His address is
      Lincoln Correctional Center, P. O. Box 22800, Lincoln, Nebraska 68542-2800.

      Admit.

      Deny.  I deny this statement because _____

      _____.

2)    Plaintiff Gracy Sedlak does not have a permanent address, but she receives mail at the
      home of her mother, Beth Jirovsky, at 1035 Hartley, Lincoln, Nebraska 68521.  Gracy
      Sedlak is also known as John Jirovsky.

      Admit.

      Deny.  I deny this statement because _____

      _____.

3)    Defendant, Joseph Fletcher lives at 815 G Avenue West, Oskaloosa, Iowa 52577.

      Admit.

      Deny.  I deny this statement because _____

      _____.

4)    Defendant, Ora Thomas Fletcher lives at 515 South D Street, Oskaloosa, Iowa 52577.  He
      is also known as T.J. or Tom Fletcher.

      Admit.

      Deny.  I deny this statement because _____

      _____.

5)   Wilson signed two Power of Attorney documents:   1) A General Power of Attorney document signed on January 24, 2011 named Gracy Sedlak as Wilson's Power of Attorney beginning on January 17, 2011 and continuing through January 17, 2016; and 2) A Short Form Power of Attorney signed on August 5, 2011 named both Cynthia Blodgett-Fletcher and Joseph Fletcher as Wilson's Power of Attorney.  Cynthia Blodgett Fletcher is a relative of Harold Wilson.

    Admit.

    Deny.  I deny this statement because _____

    _____.

6)   Under the General Power of Attorney, Sedlak is authorized to act in Wilson's name, as if Wilson were personally present, with respect to all matters, including all business transactions, any claims and litigation, and all records, reports, and statements.

    Admit.

    Deny.  I deny this statement because _____

    _____.

7)   Under the Short Form Power of Attorney, Joseph Fletcher is authorized to act in Wilson's name, as if Wilson were personally present, with respect to all matters, including all bank and financial transactions, any disputes and litigation, and all records, reports, and statements, and "to act in any appropriate capacity as required by the needs of my spousal-life partner with regard to all the Grantor's property and financial assets, except those granted to my brother by my living will."

    Admit.

    Deny.  I deny this statement because _____

    _____.

8)   After conducting a hearing on the record, the court entered an order requiring all parties to submit their documentary evidence to the undersigned magistrate judge for review.  Harold Wilson, Gracey Sedlak, and Joseph Fletcher submitted documents in response to the order; Ora Thomas Fletcher did not.

    Admit.

    Deny.  I deny this statement because _____

    _____.

9)    Due to restrictions placed on Wilson by the state penal institution, Wilson has been unable to send and receive discovery from the defendants.  Therefore, as stated in the order and on the record, the court made copies of the documents produced by Joseph Fletcher so they could be supplied to the plaintiffs, with Sedlak picking up those copies from my chambers.  Gracy Sedlak received copies of all documents produced by the defendants.

   Admit.

   Deny.  I deny this statement because _____

   _____.

10)   Upon the death of Wilson's parents, Gene and Virginia Wilson, Wilson received money from their estates.  James D. McFarland, an attorney in Lincoln, Nebraska, administered the estates.

   Admit.

   Deny.  I deny this statement because _____

   _____.

11)   The majority of the money received by Wilson from his parents' estates was placed in his Wilson's institutional account.

   Admit.

   Deny.  I deny this statement because _____

   _____.

12)   Although Wilson has a romantic relationship with Sedlak, since Sedlak is a relative, Wilson could not send money to her from his institutional account.

   Admit.

   Deny.  I deny this statement because _____

   _____.

13)     Since Wilson could not send money to Sedlak, he sent money, or directed the attorney for the estate, James McFarland, to send money to Wilson's half-bother, Joseph Fletcher.

       Admit.

       Deny.  I deny this statement because _____

_____.

14)     Wilson provided verbal and written instructions to Joseph Fletcher on how and to whom the Wilson's money should be distributed.

       Admit.

       Deny.  I deny this statement because _____

_____.

15)     The plaintiffs allege Joseph Fletcher disobeyed Wilson's directions on how to distribute the money, including making unauthorized payments to himself and to defendant Ora T. Fletcher.

       Admit.

       Deny.  I deny this statement because _____

_____.

16)     Wilson sent money to Joseph Fletcher and directed him to use a portion of the money to care for Sedlak.

       Admit.

       Deny.  I deny this statement because _____

_____.

17)     Joseph Fletcher distributed some money to Sedlak, but did not follow all of Wilson's directions for sending money to Sedlak.

       Admit.

       Deny.  I deny this statement because _____

_____.

18)   With the money received from Joseph Fletcher, Sedlak bought an old tow truck for $3,500 and three cars to repair for under $1,000; rented a two stall garage for $850.00 per month, and paid $650.00 per month in apartment rent.

    Admit.

    Deny.  I deny this statement because _____

_____.

19)   Wilson convinced Sedlak to purchase a residential trailer for $17,000.00, and promised to give Sedlak $2,000 per month for living expenses and $10,000 for moving expenses.

    Admit.

    Deny.  I deny this statement because _____

_____.

20)   The trailer was purchased for Sedlak from a friend of Cynthia Blodgett Fletcher.

    Admit.

    Deny.  I deny this statement because _____

_____.

21)   After the trailer was purchased, the trailer court denied Sedlak's application to lease a trailer lot because Sedlak had been convicted of a crime within the last seven years.

    Admit.

    Deny.  I deny this statement because _____

_____.

22)   Wilson wants to move the trailer from the trailer court so Sedlak can live in it.

    Admit.

    Deny.  I deny this statement because _____

_____.

23) Sedlak has the keys to the trailer at this time, but claims the title was never transferred to her.

Admit.

Deny. I deny this statement because _____

_____.

24) Cynthia Blodgett Fletcher states the title to the trailer has been transferred to Sedlak.

Admit.

Deny. I deny this statement because _____

_____.

25) Any money distributed to Sedlak by Joseph Fletcher from Wilson's funds was distributed in accordance with the directions received from Wilson and with Wilson's consent.

Admit

Deny. I deny this statement because _____

_____.

26) Skincare of Lafayette provided skin care treatments, including waxing and facial treatments, to Sedlak to facilitate Sedlak's gender transition.

Admit.

Deny. I deny this statement because _____

_____.

27) Wilson directed Joseph Fletcher to pay for these treatments on Sedlak's behalf.

Admit.

Deny. I deny this statement because _____

_____.

28)   Joseph Fletcher made payments to Skincare of Lafayette in payment for treatment received by Sedlak.

   Admit.

   Deny.  I deny this statement because _____

   _____.

29)   All money distributed to Skincare of Lafayette by Joseph Fletcher from Wilson's funds was distributed in accordance with the directions received from Wilson and with Wilson's consent.

   Admit.

   Deny.  I deny this statement because _____

   _____.

30)   Ora T. Fletcher is Joseph Fletcher's brother and Wilson's half-brother.

   Admit.

   Deny.  I deny this statement because _____

   _____.

31)   Ora T. Fletcher wrote Wilson a letter asking for money, explaining that:  1) Ora T. Fletcher's daughter needed a surgical procedure anticipated to cost $6,600.00 and that he lacked medical insurance coverage for this surgery; 2) the transmission had failed in the vehicle driven by Ora T. Fletcher's wife; and 3) Ora T. Fletcher was $40,000 behind in his house payments.

   Admit.

   Deny.  I deny this statement because _____

   _____.

32)   Wilson told Joseph Fletcher that Wilson was unsure of what amount to provide to Ora T. Fletcher, but any amount provided would need to be a loan and any distribution would need to be approved by Sedlak.

   Admit.

   Deny.  I deny this statement because _____

   _____.

33)   Wilson sent Ora T. Fletcher a letter stating any amount provided to Ora T. Fletcher would need to be a loan and any distribution would need to be approved by Sedlak.

Admit.

Deny.  I deny this statement because _____

_____.

34)   In December of 2011, Joseph Fletcher distributed $25,000 of Wilson's money to Ora T. Fletcher without Wilson's permission.

Admit.

Deny.  I deny this statement because _____

_____.

35)   In December of 2011, Joseph Fletcher distributed $25,000 of Wilson's money to Ora T. Fletcher without Sedlak's permission.

Admit.

Deny.  I deny this statement because _____

_____.

36)   Ora T. Fletcher knew the $25.000 he received from Joseph Fletcher was Wilson's money.

Admit.

Deny.  I deny this statement because _____

_____.

37)   Ora T. Fletcher knew at the time he received $25,000 from Joseph Fletcher that Wilson had not agreed to give money to Ora T. Fletcher or directed Joseph Fletcher to do so.

Admit.

Deny.  I deny this statement because _____

_____.

38)   Ora T. Fletcher knew at the time he received $25,000 from Joseph Fletcher that Sedlak had not agreed to distribute $25,000 of Wilson's money to Ora T. Fletcher, and had not directed Joseph Fletcher to make this distribution.

4:12-cv-03061: <u>Wilson et al v. Fletcher et al</u>

Admit.

Deny.  I deny this statement because _____

_____.

39)  In response to Wilson's statement that any amount provided would be a loan, not a gift, Ora T. Fletcher wrote angry letter to Wilson.

Admit.

Deny.  I deny this statement because _____

_____.

40)  Wilson never agreed to provide any money to Ora T. Fletcher, either as a gift or as a loan.

Admit.

Deny.  I deny this statement because _____

_____.

41)  Velvet Rieth, a Reverend in the Wiccan faith, requested money from Wilson to help recover from damage to her home caused by Hurricane Katrina.

Admit.

Deny.  I deny this statement because _____

_____.

42)  Wilson directed Joseph Fletcher to pay money to Reverend Rieth.

Admit.

Deny.  I deny this statement because _____

_____.

43)  Joseph Fletcher made payments to Reverend Rieth from Wilson's funds.

Admit.

Deny.  I deny this statement because _____

_____.

44)   All money distributed to Reverend Velvet Rieth by Joseph Fletcher from Wilson's funds
was distributed in accordance with the directions received from Wilson and with Wilson's
consent.

   Admit.

   Deny.  I deny this statement because _____

   _____.

45)   Cynthia Blodgett Fletcher requested money from Wilson, stating she planned to use the
funds to start a foundation for helping people released from prison.

   Admit.

   Deny.  I deny this statement because _____

   _____.

46)   Wilson directed Joseph Fletcher to pay money to Cynthia Blodgett Fletcher.

   Admit.

   Deny.  I deny this statement because _____

   _____.

47)   Joseph Fletcher made payments to Cynthia Blodgett Fletcher from Wilson's funds.

   Admit.

   Deny.  I deny this statement because _____

   _____.

48)   All money distributed to Cynthia Blodgett Fletcher by Joseph Fletcher from Wilson's funds
was distributed in accordance with the directions received from Wilson and with Wilson's
consent.

   Admit.

   Deny.  I deny this statement because _____

   _____.

49)   Beginning in October 2010, Wilson sent money to Joseph Fletcher to place in an account
       for Wilson.

       Admit.

       Deny.  I deny this statement because _____

       _____.


50)   Wilson instructed Joseph Fletcher to distribute the money received from Wilson in
       accordance with Wilson's directions.

       Admit.

       Deny.  I deny this statement because _____

       _____.


51)   Wilson instructed Joseph Fletcher to use the money to take care of Sedlak.

       Admit.

       Deny.  I deny this statement because _____

       _____.


52)   Joseph Fletcher did not open a separate bank account for depositing amounts received from
       Harold Wilson until April 6, 2011.

       Admit.

       Deny.  I deny this statement because _____

       _____.


53)   On April 6, 2011, Joseph Fletcher set the account up in his own name at MidWestOne
       Bank in Oskaloosa, Iowa and deposited Wilson's money in that account.

       Admit.

       Deny.  I deny this statement because _____

       _____.

54)  The bank would not open an account under Wilson's name at Joseph Fletcher's direction on April 6, 2011, because Wilson had not yet named Joseph Fletcher as Wilson's Power of Attorney.

      Admit.

      Deny.  I deny this statement because _____

_____.

55)  Over time, Joseph Fletcher decided he no longer wanted to carry out the responsibility of handling Wilson's money.

      Admit.

      Deny.  I deny this statement because _____

_____.

56)  In the second half of 2011, Wilson instructed Joseph Fletcher to distribute $26,000 to Sedlak.

      Admit.

      Deny.  I deny this statement because _____

_____.

57)  Joseph Fletcher never distributed $26,000 to Sedlak in accordance with the instructions received from Wilson during the second half of 2011.

      Admit.

      Deny.  I deny this statement because _____

_____.

58)  On December 6, 2011, Joseph Fletcher distributed $25,000 of Wilson's money to Ora T. Fletcher without Wilson's permission.

      Admit.

      Deny.  I deny this statement because _____

_____.

59)  On December 6, 2011, Joseph Fletcher distributed $25,000 of Wilson's money to Ora T. Fletcher without Sedlak's permission.

Admit.

Deny.  I deny this statement because _____

_____.

60)  On December 9, 2011, Joseph Fletcher closed the MidWestOne Bank account into which Wilson's money had been deposited.

Admit.

Deny.  I deny this statement because _____

_____.

61)  At the time the MidWestOne Bank account holding Wilson's money was closed, the account balance was $26,266.00.

Admit.

Deny.  I deny this statement because _____

_____.

62)  Joseph Fletcher kept the $26,266.00 of Wilson's money received upon closing the MidWestOne Bank account.

Admit.

Deny.  I deny this statement because _____

_____.

63)  Joseph Fletcher used the $26,266.00 of Wilson's money received upon closing the MidWestOne Bank account for his own purposes.

Admit.

Deny.  I deny this statement because _____

_____.

64)   Joseph Fletcher kept and used the $26,266.00 of Wilson's money received upon closing the MidWestOne Bank account without Wilson's permission.

    Admit.

    Deny.  I deny this statement because _____

    _____.

65)   Wilson asked Joseph Fletcher to send any money remaining his Wilson's bank account to Barney, Wilson's long-time friend.

    Admit.

    Deny.  I deny this statement because _____

    _____.

66)   After being asked to send the remaining money in Wilson's bank account to Barney, Joseph Fletcher told Wilson that the money was gone.

    Admit.

    Deny.  I deny this statement because _____

    _____.

67)   Wilson sent an angry letter to Joseph Fletcher and Ora T. Fletcher.

    Admit.

    Deny.  I deny this statement because _____

    _____.

68)   Joseph Fletcher and Ora T. Fletcher responded by writing the prison and asking the prison to prohibit Wilson from sending any further mailings to Joseph Fletcher and Ora T. Fletcher.

    Admit.

    Deny.  I deny this statement because _____

    _____.

69) The prison now prohibits Wilson from sending anything to Joseph Fletcher and Ora T. Fletcher, including any discovery requests or responses for this case.

    Admit.

    Deny.  I deny this statement because _____

_____.

70) Joseph Fletcher admits he received and used for himself a portion of Wilson's money without Wilson's permission.

    Admit.

    Deny.  I deny this statement because _____

_____.

71) As verified by Harold B. Wilson's institutional statement, Harold Wilson sent the following amounts from his institutional account to Joseph Fletcher to deposit into a bank account for Wilson.

| | |
|---|---|
| 10/22/10 | $3,400 |
| 12/01/10 | 2,000 |
| 01/05/10 | 300 |
| 02/07/11 | 2,000 |
| 03/14/11 | 620 |
| 03/14/11 | 8,000 |
| 04/01/11 | 65,000 |
| 05/12/11 | 5,000 |
| 06/22/11 | 50,000 |
| 07/27/11 | 15,000 |
| 07/01/11 | 10,000 |
| 08/04/11 | 35,000 |
| 09/02/11 | <u>50,000</u> |
| Total | $246,320 |

    Admit.

    Deny.  I deny this statement because _____

_____.

4:12-cv-03061:  <u>Wilson et al v. Fletcher et al</u>

72)   At Wilson's direction, Attorney Jim McFarland sent the following amounts to Joseph
Fletcher on Harold Wilson's behalf.

| | | |
|---|---|---|
| 07/09/10 | $ | 5,162.62 |
| 09/07/10 | | 10,000.00 (Deposited in Joseph Fletcher's Acct #2176) |
| 02/02/11 | | 10,000.00 |
| 02/28/11 | | <u>20,000.00 </u>(Deposited in Joseph Fletcher's Acct #2176) |
| Total | | $45,162.62 |

Admit.

Deny.  I deny this statement because _____

_____.

73)   The total amount received by Joseph Fletcher, either directly from Harold Wilson or from
Attorney James McFarland at Wilson's direction was $291,482.62.

Admit.

Deny.  I deny this statement because _____

_____.

74)   Fletcher deposited the following amounts in the MidWestOne Bank account.

| | | |
|---|---|---|
| 04/06/11 | $ | 65,000.00 |
| 04/06/11 | | 1,800.00 (Transferred from Joseph Fletcher's Acct #2176) |
| 04/25/11 | | 10,500.00 |
| 05/23/11 | | 5,000.00 |
| 06/09/11 | | 10,400.00 |
| 06/30/11 | | 50,000.00 |
| 07/15/11 | | 10,000.00 |
| 08/02/11 | | 15,000.00 |
| 08/10/11 | | 35,000.00 |
| 09/09/11 | | <u>50,000.00</u> |
| Total | | $252,700.00 |

Admit.

Deny.  I deny this statement because _____

_____.

75)  The $65,000 amount used for the initial deposit into the MidWestOne Bank account was received as a check from Wilson's institutional account.

Admit.

Deny.  I deny this statement because _____

_____.

76)  The bank statements from April 2011 through December 2011 for the MidWestOne Bank account list the following debits.

| <u>TO:</u> | <u>DATE:</u> | <u>CK #</u> | <u>AMOUNT:</u> |
|---|---|---|---|
| ?? | 04/08/11 | | $    300.00 |
| ?? | 04/11/11 | | 1,100.00 |
| Pat Wiese | 04/11/11 | | 1,205.00 |
| KZUM | 04/11/11 | | 2,005.00 |
| Tammy Greene | 04/11/11 | | 4,005.00 |
| Cynthia Blodgett-Griffin | 04/11/11 | | 5,005.00 |
| ?? | 04/12/11 | | 45.00 |
| ?? | 04/18/11 | | 900.00 |
| ?? | 04/25/11 | | 1,000.00 |
| ?? | 04/26/11 | | 150.00 |
| Velvet Rieth | 04/28/11 | | 10,405.00 |
| Velvet Rieth | 06/15/11 | | 10,405.00 |
| Velvet Rieth | 08/18/11 | 1004 | 2,000.00 |
| ?? | 04/25/11 | | 1,000.00 |
| ?? | 04/26/11 | | 150.00 |
| ?? | 04/29/11 | | 100.00 |
| ?? | 05/31/11 | | 1,400.00 |
| ?? | 06/02/11 | | 550.00 |
| ?? | 06/06/11 | | 300.00 |
| Skincare by Lafayette | 06/06/11 | | 1,505.00 |
| Skincare by Lafayette | 07/11/11 | | 22,005.00 |
| Skincare by Lafayette | 08/03/11 | 1003 | 9,000.00 |
| ?? | 06/09/11 | | 120.00 |
| Carla Cooper | 06/24/11 | | 2,005.00 |
| ?? | 07/05/11 | | 450.00 |
| ?? | 07/08/11 | | 5,000.00 |
| Jillian Glover | 07/27/11 | 1001 | 15,000.00 |
| Charles Griffin | 07/26/11 | 1002 | 7,200.00 |
| Joseph Fletcher | 08/12/11 | 1005 | 300.00 |
| Joseph Fletcher | | 1011 | 100.00 |
| Joseph Fletcher | 08/23/11 | 1010 | 1,000.00 |
| Joseph Fletcher | 08/24/11 | 1012 | 5,000.00 |
| Joseph Fletcher | 08/24/11 | 1013 | 100.00 |
| Joseph Fletcher | 09/07/11 | 1014 | 1,250.00 |
| Joseph Fletcher | 09/13/11 | 1015 | 3,000.00 |

| | | | |
|---|---|---|---|
| Joseph Fletcher | 09/26/11 | 1016 | 1,000.00 |
| Joseph Fletcher | 10/13/11 | 1019 | 5,500.00 |
| Joseph Fletcher | 10/19/11 | 1021 | 1,000.00 |
| Joseph Fletcher (Closing Acct) | 12/09/11 | | 26,266.00 |
| Gracy Sedlack | 04/29/11 | | 50,005.00 |
| Gracy Sedlack | 09/13/11 | 1017 | 2,500.00 |
| Gracy Sedlack | 10/21/11 | 1022 | 2,000.00 |
| Earl Barnawall (Gracy's Trailer) | 10/21/11 | 1024 | 18,000.00 |
| Sue Ellen Wall | 11/18/11 | 1025 | 4,000.00 |
| ?? | 11/14/11 | 1027 | 500.00 |
| Ora T. Fletcher | 12/06/11 | 1028 | 25,000.00 |
| | | Total | $249,676.00 |

Admit.

Deny.  I deny this statement because _____

_____.

77)   The following receipts for money orders are included within the record but cannot be traced back to the MidWestOne Bank account.

| **TO:** | **DATE:** | **AMOUNT:** |
|---|---|---|
| ?? | 07/16/10 | 900.00 |
| Inez | 07/16/10 | 500.00 |
| ?? | 07/16/10 | 500.00 |
| ?? | 07/16/10 | 100.00 |
| ?? | 07/16/10 | 75.00 |
| Next Millennium | 07/28/10 | 406.54 |
| Azure Green | 07/28/10 | 187.90 |
| ?? | 08/10/10 | 98.67 |
| ?? | 08/10/10 | 400.00 |
| Humi Hom NewAge | 09/22/10 | 174.45 |
| Surrogate Sister | 09/22/10 | 50.00 |
| WPE | 09/22/10 | 125.00 |
| Cynthia Blodgett | 09/22/10 | 500.00 |
| Harold | 09/22/10 | 60.00 |
| Dawah International | 09/22/10 | 40.00 |
| Michael Lindgren | 09/22/10 | 1,000.00 |
| Ethel Phillips | 09/22/10 | 1,000.00 |
| Convicthouse.com | 09/22/10 | 51.00 |
| Margaret Zanca | 11/15/10 | 500.00 |
| Margaret Zanca | 11/15/10 | 500.00 |
| Karen Rhodes | 11/22/10 | 200.00 |
| Dawn Theisen | 11/22/10 | 1,000.00 |
| Toni Cooper | 12/08/10 | 300.00 |
| Toni Cooper | 04/11/11 | 500.00 |
| Doris Crippen | 04/11/11 | 200.00 |
| Carla Dixon | 04/11/11 | 300.00 |

| | | | |
|---|---|---|---|
| GSP LLC | 01/04/11 | | 271.71 |
| Cory Walker | 01/07/11 | | 250.00 |
| Azure Green | 01/24/11 | | 285.60 |
| Steve Labato | 02/07/11 | | 500.00 |
| Cheryl Danilyk | 02/25/11 | | 50.00 |
| Beth Jirovsky | 03/09/11 | | 17,000.00 |
| Thelma Bullion | 04/02/11 | | 600.00 |
| Llewellyn Publications | 06/02/11 | | 173.57 |
| Azure Green | 06/02/11 | | 360.40 |
| Troyana Thompson | 06/27/11 | | 200.00 |
| | | Total | $29,359.84 |

Admit.

Deny.  I deny this statement because _____

_____.

78)   The following signed Receipts for Cash were included in the documents submitted to the court.

| **TO:** | **DATE:** | | **AMOUNT:** |
|---|---|---|---|
| Mark Francis | 07/25/11 | | 1,000.00 |
| Gracy Sedlack | 07/27/11 | | 100.00 |
| Gracy Sedlack | 07/28/11 | | 160.00 |
| Clifton Smith | 07/30/11 | | 400.00 |
| | | Total | $1,660.00 |

Admit.

Deny.  I deny this statement because _____

_____.

79)   Columns 1 and 2 of the Itemization attached hereto correctly outlines the amounts received by Joseph Fletcher from Harold Wilson and from Attorney James McFarland on Harold Wilson' behalf.

Admit.

Deny.  I deny this statement because _____

_____.

80)   Column 3 of the Itemization attached hereto correctly outlines the money owned by Harold Wilson which Joseph Fletcher deposited into a MidWestOne bank account for distribution of those funds at Harold Wilson's direction.

Admit.

Deny.  I deny this statement because _____

_____.

81)   Column 4 of the Itemization attached hereto identifies people and entities who received distributions of Harold Wilson's money from Joseph Fletcher.

Admit.

Deny.  I deny this statement because _____

_____.

82)   Column 5 of the Itemization attached hereto outlines amounts of Harold Wilson's money distributed by Joseph Fletcher through money orders.

Admit.

Deny.  I deny this statement because _____

_____.

83)   Column 6 of the Itemization attached hereto outlines amounts of Harold Wilson's money distributed by Joseph Fletcher through checks.

Admit.

Deny.  I deny this statement because _____

_____.

84)   Column 7 of the Itemization attached hereto outlines amounts of Harold Wilson's money distributed by Joseph Fletcher as cash.

Admit.

Deny.  I deny this statement because _____

_____.

85)  The total disbursements of Wilson's funds as reflected in bank account statements, receipts from money orders, and receipts for cash total $280,695.84.

    Admit.

    Deny.  I deny this statement because _____

    _____.

86)  Of the $280,695.84, Joseph Fletcher received $44,516.00 in checks from Harold Wilson's funds.

    Admit.

    Deny.  I deny this statement because _____

    _____.

87)  Joseph Fletcher did not have Harold Wilson's permission to receive $44,516.00 in checks from Harold Wilson's funds.

    Admit.

    Deny.  I deny this statement because _____

    _____.

88)   Of the $280,695.84, a total of $13,988.67 was received by persons who are not identified in the record now before the court.

    Admit.

    Deny.  I deny this statement because _____

    _____.

89)  The total amount received by Joseph Fletcher from Harold Wilson for distribution to others, including Gracy Sedlak, was $291,482.62 which, after subtracting $280,695.84, leaves $10,786.78 of expenditures for which there are no receipts.

    Admit.

    Deny.  I deny this statement because _____

    _____.

90)  Defendant Joseph Fletcher wrongly distributed to Ora T. Fletcher $25,000 in funds owned
     by plaintiff Harold Wilson.

       Admit.

       Deny.  I deny this statement because _____

       _____.


     I declare under penalty of perjury that the foregoing is true and correct.

           Executed on _____
                          (Date)


                               Signed by:


                               _____

                               Print name here:_____

# ITEMIZATION

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 |
|---|---|---|---|---|---|---|---|---|
| Date | Received from estate counsel | Rec'd from Institutional Account | MidWestOne deposits | | Money orders | Checks | Cash receipts | Balance |
| 07/09/10 | 5,162.62 | | | | | | | 5162.62 |
| 07/16/10 | | | | ?? | 900.00 | | | 4262.62 |
| | | | | Inez | 500.00 | | | 3762.62 |
| | | | | ?? | 500.00 | | | 3262.62 |
| | | | | ?? | 100.00 | | | 3162.62 |
| | | | | ?? | 75.00 | | | 3087.62 |
| 07/28/10 | | | | Next Millennium | 406.54 | | | 2681.08 |
| | | | | Azure Green | 187.90 | | | 2493.18 |
| 08/10/10 | | | | ?? | 98.67 | | | 2394.52 |
| | | | | ?? | 400.00 | | | 1994.51 |
| 09/07/10 | 10,000.00[1] | | | | | | | 11994.51 |
| 09/22/10 | | | | Humi Hom NewAge | 174.45 | | | 11820.06 |
| | | | | Surrogate Sister | 50.00 | | | 11770.06 |
| | | | | WPE | 125.00 | | | 11645.06 |
| | | | | Cynthia Blodgett | 500.00 | | | 11145.06 |
| | | | | Harold | 60.00 | | | 11085.06 |
| | | | | Dawah International | 40.00 | | | 11045.06 |
| | | | | Michael Lindgren | 1,000.00 | | | 10045.06 |
| | | | | Ethel Phillips | 1,000.00 | | | 9045.06 |
| | | | | Convicthouse.com | 51.00 | | | 8994.06 |
| 10/22/10 | | 3,400.00 | | | | | | 12394.06 |
| 11/15/10 | | | | Margaret Zanca | 500.00 | | | 11894.06 |
| | | | | Margaret Zanca | 500.00 | | | 11394.06 |
| 11/22/10 | | | | Karen Rhodes | 200.00 | | | 11194.06 |
| | | | | Dawn Theisen | 1,000.00 | | | 10194.06 |
| 12/01/10 | | 2,000.00 | | | | | | 12194.06 |
| 12/08/10 | | | | Toni Cooper | 300.00 | | | 11894.06 |
| 01/04/11 | | | | GSP LLC | 271.71 | | | 11622.35 |
| 01/05/11 | | 300.00 | | | | | | 11922.35 |
| 01/07/11 | | | | Cory Walker | 250.00 | | | 11672.35 |
| 01/24/11 | | | | Azure Green | 285.60 | | | 11386.75 |
| 02/02/11 | 10,000.00 | | | | | | | 21386.75 |
| 02/07/11 | | 2,000.00 | | | | | | 23386.75 |
| | | | | Steve Labato | 500.00 | | | 22886.75 |
| 02/25/11 | | | | Cheryl Danilyk | 50.00 | | | 22836.75 |
| 02/28/11 | 20,000.00[2] | | | | | | | 42836.75 |
| 03/09/11 | | | | Beth Jirovsky | 17,000.00 | | | 25836.75 |
| 03/14/11 | | 620.00 | | | | | | 26456.75 |
| 03/14/11 | | 8,000.00 | | | | | | 34456.75 |
| 04/01/11 | | 65,000.00 | | | | | | 99456.75 |
| 04/02/11 | | | | Thelma Bullion | 600.00 | | | 98856.75 |
| 04/06/11 | | | 65,000.00 | | | | | 98856.75 |
| | | | 1800.00[3] | | | | | 98856.75 |
| 04/08/11 | | | | ?? | | 300.00 | | 98556.75 |
| 04/11/11 | | | | Toni Cooper | 500.00 | | | 98056.75 |
| | | | | Doris Crippen | 200.00 | | | 97856.75 |
| | | | | Carla Dixon | 300.00 | | | 97556.75 |
| 04/11/11 | | | | ?? | | 1,100.00 | | 96456.75 |
| | | | | Pat Wiese | | 1,205.00 | | 95251.75 |
| | | | | KZUM | | 2,005.00 | | 93246.75 |
| | | | | Tammy Greene | | 4,005.00 | | 89241.75 |

[1] Deposited in Joseph Fletcher's Account #2176.
[2] Deposited in Joseph Fletcher's Account #2176.
[3] Transferred from Joseph Fletcher's Account #2176.

| Date | | | | Name | | | | Balance |
|---|---|---|---|---|---|---|---|---|
| | | | | Cynthia Blodgett-Griffin | | 5,005.00 | | 84236.75 |
| 04/12/11 | | | | ?? | | 45.00 | | 84191.75 |
| 04/18/11 | | | | ?? | | 900.00 | | 83291.75 |
| 04/25/11 | | | 10,500.00 | | | | | 83291.75 |
| | | | | ?? | | 1,000.00 | | 82291.75 |
| 04/26/11 | | | | ?? | | 150.00 | | 82141.75 |
| 04/28/11 | | | | Velvet Rieth | | 10,405.00 | | 71736.75 |
| 04/29/11 | | | | ?? | | 100.00 | | 71636.75 |
| | | | | Gracy Sedlack | | 50,005.00 | | 21631.75 |
| 05/12/11 | | 5,000.00 | | | | | | 26631.75 |
| 05/23/11 | | | 5,000.00 | | | | | 26631.75 |
| 05/31/11 | | | | ?? | | 1,400.00 | | 25231.75 |
| 06/02/11 | | | | ?? | | 550.00 | | 24681.75 |
| | | | | Llewellyn Publications | 173.57 | | | 24508.18 |
| | | | | Azure Green | 360.40 | | | 24147.78 |
| 06/06/11 | | | | ?? | | 300.00 | | 23847.78 |
| | | | | Skincare by Lafayette | | 1,505.00 | | 22342.78 |
| 06/09/11 | | | 10,400.00 | | | | | 22342.78 |
| | | | | ?? | | 120.00 | | 22222.78 |
| 06/15/11 | | | | Velvet Rieth | | 10,405.00 | | 11817.78 |
| 06/22/11 | | 50,000.00 | | | | | | 61817.78 |
| 06/24/11 | | | | Carla Cooper | | 2,005.00 | | 59817.78 |
| 06/27/11 | | | | Troyana Thompson | 200.00 | | | 59617.78 |
| 06/30/11 | | | 50,000.00 | | | | | 59617.78 |
| 07/01/11 | | 10,000.00 | | | | | | 69617.78 |
| 07/05/11 | | | | ?? | | 450.00 | | 69167.78 |
| 07/08/11 | | | | ?? | | 5,000.00 | | 64167.78 |
| 07/11/11 | | | | Skincare by Lafayette | | 22,005.00 | | 42162.78 |
| 07/15/11 | | | 10,000.00 | | | | | 42162.78 |
| 07/25/11 | | | | Mark Francis | | | 1,000.00 | 41162.78 |
| 07/26/11 | | | | Charles Griffin | | 7,200.00 | | 33962.78 |
| 07/27/11 | | 15,000.00 | | | | | | 48962.78 |
| | | | | Jillian Glover | | 15,000.00 | | 33962.78 |
| | | | | Gracy Sedlak | | | 100.00 | 33862.78 |
| 07/28/11 | | | | Gracy Sedlak | | | 160.00 | 33702.78 |
| 07/30/11 | | | | Clifton Smith | | | 400.00 | 33302.78 |
| 08/02/11 | | | 15,000.00 | | | | | 33302.78 |
| 08/03/11 | | | | Skincare by Lafayette | | 9,000.00 | | 24302.78 |
| 08/04/11 | | 35,000.00 | | | | | | 59302.78 |
| 08/10/11 | | | 35,000.00 | | | | | 59302.78 |
| 08/12/11 | | | | Joseph Fletcher | | 300.00 | | 59002.78 |
| | | | | Joseph Fletcher | | 100.00 | | 58902.78 |
| 08/18/11 | | | | Velvet Rieth | | 2,000.00 | | 56902.78 |
| 08/23/11 | | | | Joseph Fletcher | | 1,000.00 | | 55902.78 |
| 08/24/11 | | | | Joseph Fletcher | | 5,000.00 | | 50902.78 |
| 08/24/11 | | | | Joseph Fletcher | | 100.00 | | 50802.78 |
| 09/02/11 | | 50,000.00 | | | | | | 100802.78 |
| 09/07/11 | | | | Joseph Fletcher | | 1,250.00 | | 99552.78 |
| 09/09/11 | | | 50,000 | | | | | 99552.78 |
| 09/13/11 | | | | Joseph Fletcher | | 3,000.00 | | 96552.78 |
| | | | | Gracy Sedlack | | 2,500.00 | | 94052.78 |
| 09/26/11 | | | | Joseph Fletcher | | 1,000.00 | | 93052.78 |
| 10/13/11 | | | | Joseph Fletcher | | 5,500.00 | | 87552.78 |
| 10/19/11 | | | | Joseph Fletcher | | 1,000.00 | | 86552.78 |
| 10/21/11 | | | | Gracy Sedlack | | 2,000.00 | | 84552.78 |
| | | | | Earl Barnawall (Gracy's Trailer) | | 18,000.00 | | 66552.78 |
| 11/14/11 | | | | ?? | | 500.00 | | 66052.78 |
| 11/18/11 | | | | Sue Ellen Wall | | 4,000.00 | | 62052.78 |
| 12/06/11 | | | | Ora T. Fletcher | | 25,000.00 | | 37052.78 |
| 12/09/11 | | | | Joseph Fletcher (closing account) | | 26,266.00 | | 10786.78 |
| | $45,162.62 | $246,320.00 | $252,700.00 | | $29,359.84 | $249,676.00 | $1,660.00 | |

Total Receipts = $291,482.62                                    Total Spent = $280,695.84

Difference = $10,786.78

Total of Question Marks = $13,988.67

Joe Fletcher Checks and Money Received from Closing Acct = $44,516.00

4:12-cv-03061:  <u>Wilson et al v. Fletcher et al</u>

## SETTLEMENT AGREEMENT QUESTIONS

The court has proposed settling this case under the following terms:

1)      Joseph Fletcher and Ora T. Fletcher will jointly and severally owe to Harold Wilson the amount of $25,000 for funds given to Ora T. Fletcher without Harold Wilson's permission.

2)      In addition to the $25,000 owed for funds given to Ora T. Fletcher without Wilson's permission, Joseph Fletcher will pay:

- $26,000 to Gracy Sedlak, and

- $36,300 to Harold Wilson.

In response to the court's proposal, (check the answer that applies):

_____          The party signing this document **agrees** to the settlement terms proposed by the court.

_____          The party signing this document **does not agree** to the settlement terms proposed by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                    (Date)


                              Signed by:


                              _____
                              Print name here:_____