IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HAROLD B. WILSON, GRACY SEDLAK,

Plaintiffs,

vs.

JOSEPH FLETCHER, ORA THOMAS
FLETCHER,

Defendants.

4:12CV3061

MEMORANDUM AND ORDER

This case is before the court on the plaintiffs' motions to compel the defendants to comply with an agreement to settle the above-captioned case. The parties had stipulated to many facts, leaving only one or two issues to be litigated. The court scheduled an evidentiary hearing on those unresolved issues, and had the hearing been necessary, the undersigned magistrate judge would have prepared findings and a recommendation for entry of a final judgment by Judge Smith Camp.

But before the evidentiary hearing began, the parties settled the case on the record. Since all parties were pro se, with one party incarcerated, as the mediator of the parties' settlement discussions, the undersigned magistrate judge agreed to memorialize the settlement agreement in writing—recognizing that the settlement terms were complex, and neither the parties nor any state court judge who may be called on to enforce the terms would have easy and free access to this court's audio recording of the agreement. The resulting "Settlement Order,"[1] (Filing No. 84), outlined the terms of the parties' settlement agreement, provided written documentation of the agreement for the parties, and advised the presiding judge that an evidentiary hearing was neither held nor necessary because the parties had settled their case.

---

[1] Upon reflection, the document should have been entitled "Settlement Statement." The language of the filing actually orders nothing, but merely serves as written documentation of the pro se parties' agreement.

Thereafter, the District Judge waited more than 30 days before entering a final judgment.  During that time, the parties did not object to the language used by undersigned magistrate judge as failing to reflect, or fully reflect, the terms of the parties' settlement.  The District Judge then entered a final judgment. The final judgment acknowledges that the parties settled the case, and the terms of that settlement are stated on the court's docket in both an audio recording and in writing (Filing No. 84).  But neither the court's final judgment, nor any other order, states the federal court retains jurisdiction to enforce, or intends to enforce, the terms of the parties' settlement agreement.

The settlement agreement is a contract, and any future litigation to enforce it will be breach of contract action arising under state common law.  As reflected in the terms outlined in Filing No. 84, and particularly since a portion of the money owed under the settlement agreement has now been paid, (Filing No. 86), the amount at issue for Plaintiffs' breach of contract action does not exceed $75,000.  28 U.S.C. § 1332.  This court lacks subject matter jurisdiction over the plaintiffs' action to enforce the settlement agreement.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

Accordingly,

IT IS ORDERED:

1)      The plaintiffs' motions to enforce their settlement agreement for resolution of the above-captioned case, (Filing Nos. 88, 89, 90, and 91), are denied without prejudice to re-filing in a forum with jurisdiction over the plaintiffs' claims.

2)      The parties are advised that this case is closed, and the federal court lacks jurisdiction to enforce the parties' settlement.  As such, any attempts to further file motions to enforce the settlement in this forum may be returned, and if the motions are not filed in a forum which has jurisdiction, attempting to first file them in this forum will only serve to delay a ruling on the merits.

June 12, 2014.                          BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge